# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

```
CHARLES WILLIAMS,              *
                               *
        Petitioner,            *     CIVIL ACTION NO.: 2:20-cv-94
   v.                          *
                               *
LINDA GETER,                   *
                               *
        Respondent.            *
```

## ORDER

Presently before the Court are the Magistrate Judge's Report and Recommendation and Petitioner Charles Williams' ("Williams") Objections to the Report and Recommendation. Dkt. Nos. 21, 22. After an independent and de novo review of the entire record, the Court concurs in part with the Magistrate Judge's Report and Recommendation. Dkt. No. 20. Although the Court does not adopt the entirety of the analysis in the Report and Recommendation, the Court does agree with the Magistrate Judge's ultimate conclusion Williams is not entitled to his requested relief. The Court does not find the Magistrate Judge's analysis and conclusion on the judicial review arguments necessary for resolution of this matter, as discussed herein, but otherwise, adopts his analyses and conclusions of law.

## DISCUSSION

Williams' Petition concerns an initial federal sentence that was later reduced. The original sentence was for 240 months but was later reduced under the First Step Act to 180 months of imprisonment, followed by 8 years of supervised release. At the time his sentence was reduced in April 2019, Williams had served 172 months in federal prison and had accumulated approximately 24 months of good conduct time credit. As a result, Williams was immediately released from federal prison and began his term of supervised release.

Approximately four months later, in August 2019, the United States Probation Office filed a violation report, seeking revocation of Williams' supervised release. Williams was taken into custody and remained in custody until January 2020, when his supervised release was revoked and he was sentenced to 24 months' imprisonment, followed by 6 months' supervised release. Ultimately, the Bureau of Prisons ("BOP") calculated Williams' statutory release date as May 4, 2021. Notably, this calculation did not include any credit for good conduct time credits accrued during Williams' first term of incarceration.

In his Petition, Williams contends the BOP calculated his release date incorrectly. Williams argues when he was released from federal prison in April 2019, he had approximately 16 months of good conduct time credit "banked" which should have

2

been credited against his supervised release revocation sentence. Dkt. Nos. 1, 1-1. At the time he filed his Petition, Williams was still in federal prison serving that supervised release revocation sentence, but he has since been released and is now serving his supervised released term.

Respondent moved to dismiss Williams' Petition, raising various grounds. The Magistrate Judge recommends Respondent's motion to dismiss be granted, and Williams objects to that recommendation. Dkt. Nos. 20, 21. The Magistrate Judge concluded Williams is not entitled to any relief because he did not "overserve" his original sentence and 18 U.S.C. § 3585—the operative statutory provision in this matter—does not require the BOP to apply unused good conduct time credit from the original sentence to Williams' later supervised release revocation sentence. Specifically, the Magistrate Judge noted § 3585 only requires credit for prior custody be given where the individual spent time in "official detention," and Williams' unused good conduct time credit does not constitute time in "official detention," as that term is used in the statute. Dkt. No. 20 at 3-8 (citing Reno v. Koray, 515 U.S. 50 (1995)). The Magistrate Judge further explained the weight of authority demonstrates good conduct time credit accumulated on a prior sentence cannot be used as credit to reduce or eliminate a later imposed supervised release revocation sentence. Id.

3

The Magistrate Judge recognized BOP Program Statement 5880.28 addresses the issue of prior custody time credits and considered Williams' argument the BOP's interpretation of that Program Statement and, therefore, the calculation of his sentence, is inconsistent with the Program Statement. Id. at 8-10. The Magistrate Judge concluded, if it was necessary to consider the Program Statement and the BOP's interpretation of the Program Statement due to some ambiguity or silence on a particular matter, then the BOP's interpretation would be entitled to "some deference." Id. However, the Magistrate Judge concluded the BOP's determination regarding the award of good conduct time credit falls under 18 U.S.C. § 3625, making it not subject to judicial review. Id.

The Magistrate Judge also recommended dismissal of any portion of Williams' Petition by which he sought to assert a conditions of confinement claim, because such a claim is not cognizable in a habeas petition. Id. at 11. Finally, the Magistrate Judge recommended dismissal of the portion of Williams' Petition in which he sought immediate release from federal prison because this request is moot, given that Williams has already been released from prison. Id. at 11-12.

In his Objections, Williams objects to all of the Magistrate Judge's recommendations, except for the portion dealing with Williams' conditions of confinement claim. Dkt.

4

No. 21. Williams generally re-asserts the same arguments in his Objections which were previously raised and rejected.

Williams first objects to the Magistrate Judge's initial conclusion and recommendation Williams is not entitled to offset his supervised release revocation sentence with unused good conduct time credits from his previous term of incarceration. Specifically, Williams complains the Magistrate Judge relied on 28 C.F.R. § 2.35(b), which states good conduct time credits have no further effect once a prisoner is released from imprisonment. Dkt. No. 21 at 1-2. Williams argues this Regulation concerns only release on parole or mandatory release and does not apply to release in other circumstances. The Magistrate Judge recognized and properly rejected this argument as a distinction without a difference. Moreover, the Magistrate Judge merely referenced § 2.35 as further support for the weight of the authority supporting his conclusion, as other courts have done.

Williams also argues the Magistrate Judge incorrectly determined Williams' good conduct time credit is not time spent in "official detention" and he did not overserve his original sentence. Dkt. No. 21 at 2. Williams' arguments on this point are conclusory and not supported by any authority. Williams has not demonstrated the Magistrate Judge's conclusions on these points were incorrect in any way. The Court concurs in these conclusions and recommendations and adopts the Magistrate

5

Judge's analysis on these points here. For these reasons alone, Petitioner is not entitled to the relief requested and Respondent's Motion to Dismiss should be granted.

Williams also objects to the Magistrate Judge's recommendation Williams is not entitled to any relief since he has been released from "custody[.]" Dkt. No. 21 at 4. According to Williams, a favorable ruling on his Petition could lead to a potential benefit, such as the equitable reduction of his term of supervised release. Id. at 5. As explained above, Williams is not entitled to any of his requested relief, so this portion of the Magistrate Judge's recommendation is immaterial. Nonetheless, the Magistrate Judge's conclusion on this issue is correct. In his Petition, Williams asked for release from detention, but he has now been released from federal prison. Dkt. No. 20 at 12. This aspect of Williams' request for relief is now moot. This does not mean Williams is no longer in custody for § 2241 purposes. He is still residing at Dismas Charities, which constitutes "custody." Dkt. Nos. 17, 18. However, his release from federal prison moots his request for release from detention.

Williams raises two additional objections. First, Williams objects to the Magistrate Judge's conclusion § 3625 places the BOP's calculation of Williams' sentence beyond judicial review. Dkt. No. 21 at 3. Second, Williams objects to the Magistrate

6

Judge's conclusion the BOP's interpretation of Program Statement 5880.28 is entitled to "some deference." Id. It was unnecessary for the Magistrate Judge address these issues, because, as he discussed in his Report and Recommendation and as discussed above, the BOP's credit determination is based on the plain language of § 3585(b). The Court addresses these two final objections only briefly.

Regarding deference to Program Statement 5880.28, the Magistrate Judge concluded, if it was necessary to consider the Program Statement and the BOP's interpretation of that Statement, then the BOP's interpretation would be entitled to "some deference." Dkt. No. 20 at 9 (citing Cook v. Wiley, 208 F.3d 1314 (11th Cir. 2000)). This is an accurate statement of law, as it pertains to BOP Program Statements, which are akin to interpretative rules. In his objections, Williams states the Magistrate Judge overlooked his argument § 3585 is unambiguous and any interpretation of this statute is not entitled to deference. The Magistrate Judge did recognize this argument but concluded § 3585 is unambiguous, only in the opposite direction—namely, not providing any basis for relief to Williams. The Magistrate Judge plainly reviewed and considered this argument.[1]

---

[1] In his filings, Williams states the BOP's "warped" interpretation of its policy regarding credit is unreasonable and not entitled to deference and then states the statute, § 3585, is "clear on its face[.]" Dkt. No. 11 at 14. The Magistrate Judge recounted these statements, dkt. no. 20 at 8-9, and, thus, could not have "overlooked"

7

Dkt. No. 20 at 6 (quoting 18 U.S.C. § 3585(b)). The Magistrate Judge merely noted, if § 3585 was ambiguous or silent on a particular matter, then the Court could look to Program Statement 5880.28 and the BOP's interpretation, which would in turn be entitled to "some deference." Williams' objection to this portion of the Magistrate Judge's recommendation is meritless.

Finally, Williams objects to the Magistrate Judge's conclusion § 3625 bars judicial review of the BOP's calculation of Williams' sentence. Williams argues, because he has challenged the BOP's calculation as inconsistent with 18 U.S.C. § 3585, § 3625 does not bar judicial review. The parties did not address whether § 3625 bars judicial review in their briefs on Respondent's Motion to Dismiss. Moreover, Respondent's Motion to Dismiss should be granted for the reasons set forth above, regardless of the application of § 3625. Therefore, the Court declines to adopt the Magistrate Judge's recommendations related to the application of § 3625.

## CONCLUSION

Williams' Objections are not meritorious and offer little more than dissatisfaction with the Magistrate Judge's analyses and conclusions. Accordingly, the Court **OVERRULES** Williams'

---

Williams' assertions. Even if the Magistrate Judge had overlooked these assertions, any such oversight would be immaterial to the Court's ultimate conclusion.

8

Objections and **ADOPTS in part** the Magistrate Judge's analyses and conclusions in his Report and Recommendation as the opinion of the Court. The Magistrate Judge was not required to address the application of § 3625, and the Court declines to adopt the portion of the Magistrate Judge's Report and Recommendation analyzing that issue. Nevertheless, the Court **GRANTS** Respondent's Motion to Dismiss, **DENIES** Williams' § 2241 Petition, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Williams *in forma pauperis* status on appeal.

SO ORDERED, this __26__ day of __August__, 2021.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA